UNITED STATES DISTRICT COURT
District of South Carolina
Columbia Division

| | |
|---|---|
| Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Seneca Specialty Insurance Company,<br><br>　　　　　　　Defendant. | C/A No.:　　**3:13-3161-TLW**<br><br>**Complaint**<br>**(Jury Trial Demanded)** |

Complaining of the above-named Defendant, Plaintiffs would show the following:

**PARTIES AND VENUE**

1.　　Plaintiff Vagish, LLC, doing business as Cambridge Plaza Hotel, is a limited liability company organized and existing pursuant to the laws of the state of South Carolina. Vagish, LLC's principal place of business is located in Lexington County, South Carolina.

2.　　Plaintiff Va Va Vagish, LLC, doing business as Legends Lounge, is a limited liability company organized and existing pursuant to the laws of the state of South Carolina. Va Va Vagish, LLC's principal place of business is located in Lexington County, South Carolina.

3.　　Defendant Seneca Specialty Insurance Company ("Seneca") is a corporation incorporated under the laws of a state other than South Carolina. Upon information and belief, Seneca's principal place of business is in the State of New York. Seneca maintains agents, conducts business, and owns property in the State of South Carolina. Plaintiffs seek an award of damages against Defendant, and the amount in controversy exceeds $75,000. Jurisdiction is proper under 28 U.S.C. § 1332.

1

4.      Venue is appropriate in the Columbia Division of the District Court of South Carolina pursuant to 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the District of South Carolina, and pursuant to Local Civil Rule 3.01 DSC, because the Defendant does business within the Columbia Division relating to the events or omissions alleged in this Complaint.

## FACTS

5.      Plaintiffs Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge, contracted with Defendant wherein Defendant agreed to provide Plaintiffs with property and casualty insurance and lost business income insurance covering real property located at 735 Cherokee Lane, West Columbia, South Carolina, pursuant to Policy Number SSP1503130 (attached as **Exhibit A** hereto).

6.      In accordance with the contract, Plaintiffs timely paid all premiums due and payable to Defendant and otherwise complied with all terms and conditions of the insurance contract.

7.      On or about June 14, 2013, a fire broke out on the fourth floor of the hotel and caused substantial damage to the structure of the hotel, as well as to the building's contents. The Cambridge Plaza Hotel suffered business income losses as a result of being closed because of the fire and resulting damages.

8.      Further, Legends Lounge, a restaurant and lounge located adjacent to the hotel, also had to remain closed for business as a result of the fire, and also suffered lost business income.

9.      The June 14, 2013, fire constituted a covered "occurrence" under the terms of the policy and triggered Defendant's duty to indemnify Plaintiffs.

10.    Plaintiffs gave timely notice of the occurrence to agents of the Defendant on the day of the fire; Defendant later acknowledged in an email dated June 18, 2013, that it received notice of the fire and the claim associated with the fire.

11.    Rather than timely paying the Plaintiffs for their loss, as required by the clear and unambiguous terms of the insurance contract, Defendant refused to make a coverage decision, and required agents of the Plaintiffs to submit voluminous forms and other documents ostensibly required to make a coverage decision. In addition, Defendant required the manager of the hotel, Kislaya Sinha, to undergo an examination under oath and answer myriad questions related to the fire and the business and various other subjects.

12.    Throughout Defendant's time-consuming investigation, Plaintiffs and their agents cooperated fully and provided the Defendant with all information and documentation Defendant requested

13.    As of the date this complaint is filed, the Defendant has yet to make a final coverage decision, despite the fact that the loss occurred more than five (5) months ago, Plaintiffs gave the Defendant notice of the loss immediately, and Defendant has had more than sufficient time to make a coverage decision. Defendant's delay is unreasonable and a violation of its duties arising under the insurance policy.

### FOR A FIRST CAUSE OF ACTION
### Breach of Contract

14.    Plaintiffs reallege and incorporate the allegations set forth in paragraphs one through thirteen (1-13), above, as if repeated herein verbatim.

15.    The Policy described above and attached as Exhibit A to this Complaint constituted a valid and binding contract of insurance in force and effect on June 14, 2013.

16.     The Policy obligated the Defendant to pay benefits due under the Policy to the Plaintiffs for all losses covered by the policy and subject to the terms and conditions of the Policy.

17.     The fire on June 14, 2013, was an occurrence under the Policy and the losses resulting therefrom were covered by the Policy.

18.     Plaintiffs performed all conditions precedent required for making a claim under the Policy.

19.     Defendant breached the Policy in the following ways:

   a. by failing to make payments for the direct physical loss of and physical damage to the covered property caused by the fire;

   b. by failing to make payments for expenses and costs of removing debris and materials from the property caused by the fire;

   c. by failing to make payments for the building contents, including the Plaintiffs' personal property and effects, that were damaged or ruined by the fire;

   d. by failing to make a reasonable investigation into the fire and the resulting damages and losses;

   e. by failing and refusing to pay the loss within thirty (30) days of Plaintiffs' submission of the sworn proof of loss, as provided in the policy;

   f. by failing and refusing to give the Plaintiffs notice of their intentions with regard to payment of the loss within thirty (30) days of Plaintiffs' submission of the sworn proof of loss, as provided in the policy;

   g. by refusing to timely pay the Plaintiffs' claim for property damage and lost business income after the Plaintiffs placed the Defendant on notice and fully cooperated with the Defendant through the investigative process; and

    h.   by failing to perform other obligations under the Policy as may be revealed in discovery.

20. Defendant's breaches described above caused Plaintiffs to sustain damages in the form of expenses for debris removal, construction repair and rebuilding costs, replacement costs for personal property and business inventory, expense incurred in attempting to settle their claim, lost business income and lost business opportunity.

### FOR A SECOND CAUSE OF ACTION
### Bad Faith

21. Plaintiffs reallege and incorporate the allegations set forth in paragraphs one through twenty (1-20), above, as if repeated herein verbatim.

22. Plaintiffs are due benefits for the fire and resulting damages under the clear terms and conditions of the Policy.

23. Defendant has refused and unreasonably delayed, and continues to refuse and unreasonably delay payment of Policy benefits due the Plaintiffs.

24. Defendant has actual knowledge of the Plaintiffs' need for payment of the benefits due under the Policy, yet despite this knowledge, continues to refuse payment of Policy benefits to the Plaintiffs.

25. Defendant's refusal to pay benefits is unreasonable and without legal or factual justification.

26. Defendant has failed to make a prompt and reasonable investigation of Plaintiffs' claim.

27. Defendant has refused and continues to refuse to interpret the Policy according to its plain and unambiguous language and terms, and it has refused and continues to refuse to provide the coverage defined in the Policy.

28.   Through its unreasonable and unjustifiable conduct, Defendant has forced and compelled Plaintiffs to file suit in order to receive payment of the benefits due under the Policy.

29.   Defendant has acted and continues to act unreasonably and in bad faith in breach of the implied covenant of good faith and fair dealing implicit in the Policy pursuant to South Carolina law.

30.   Defendant's conduct described herein has caused Plaintiffs to sustain damages in the form of expenses for debris removal, construction repair and rebuilding costs, replacement costs for personal property and business inventory, expense incurred in attempting to settle their claim, lost business income and lost business opportunity.

31.   Defendant's conduct is willful, wanton and in reckless disregard of the Plaintiffs' rights under the Policy and under South Carolina law; therefore, Plaintiffs are entitled to an award of punitive damages in an amount to be determined by the jury.

32.   Furthermore, because Defendant's refusal to pay benefits and proceeds due under the Policy was without reasonable cause and in bad faith, Plaintiffs are entitled an award of attorneys' fees and court costs in an amount to be determined by the Court, pursuant to South Carolina Code Section 38-59-40 (Supp. 2011).

WHEREFORE, Plaintiffs pray for the following:

a. Judgment against the Defendant on all claims set forth herein;
b. an award of actual and consequential damages from the Defendant in an amount to be determined by the jury and sufficient to compensate Plaintiffs for all damages they have incurred, including professional fees, property damage and lost business income and lost business opportunity from both Cambridge Plaza Hotel and Legends Lounge;

c. an award of punitive damages in an amount to be determined by the jury and sufficient to stress upon the Defendant the seriousness of its conduct and to deter similar conduct in the future;

d. an award of attorneys' fees and costs in an amount to be determined by the Court; and

e. for such other and further relief as the Court deems just and proper.

        s/ Richard A. Harpootlian
Richard A. Harpootlian (Fed. I.D. # 1730)
rah@harpootlianlaw.com
M. David Scott (Fed. I.D. # 8000)
mds@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1040
Columbia, South Carolina 29202
(803) 252-4848
(803) 252-4810 (facsimile)

ATTORNEYS FOR PLAINTIFFS

November 22, 2013

Columbia, South Carolina