# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| VAGISH LLC d/b/a CAMBRIDGE PLAZA HOTEL; and VA VA VAGISH LLC d/b/a LEGENDS LOUNGE, <br><br> Plaintiff, <br><br> v. <br><br> SENECA SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 3:13-CV-03161-TLW <br><br><br><br> **REPLY IN SUPPORT OF MOTION TO REOPEN DISCOVERY AND AMEND SCHEDULING ORDER** |

Defendant Seneca Specialty Insurance Company ("Seneca"), by and through counsel, pursuant to Local Civil Rule 7.07, files its Reply in Support of its Motion to Reopen Discovery to address issues raised in Plaintiffs' Response Brief, respectfully showing the Court as follows:

In response to Seneca's Motion to Reopen Discovery, Plaintiffs assert that discovery should not be reopened because (1) Seneca failed to timely investigate (pre and post suit) whether Wyndham would have provided an extension to Plaintiff Vagish under Vagish's Franchise Agreement with Super 8; and (2) Seneca seeks to have Wyndham answer an irrelevant hypothetical concerning what information would have been provided by Wyndham to Seneca pre-suit. As shown below, Seneca attempted to confirm pre-suit whether an extension would have been granted, but was estopped from doing so by Plaintiffs' counsel. Once suit was filed, through discovery, Seneca obtained documents and information from Wyndham confirming that an extension would have been granted to Plaintiff Vagish under the Franchise Agreement. Wyndham's corporate representative has testified that this information would not have been provided to Seneca pre-suit, but rather a request for such information would have been

transferred to Wyndham's legal department.  As such, Seneca is entitled to question a representative from Wyndham's legal department to determine what information would have been provided to Seneca pre-suit.

### 1. Seneca Timely Conducted Discovery to Determine if Wyndham Would Have Granted Vagish an Extension Under the Super 8 Franchise Agreement

Plaintiffs assert that Seneca failed to timely investigate both pre and post suit whether Wyndham would have provided an extension to Vagish under the Super 8 Franchise Agreement.  However, the issue underlying Seneca's Motion to Reopen Discovery is not whether Wyndham would have provided the extension.  Steve Piano with Wyndham has testified that the deadline would have been extended.  [Piano Dep. p. 9, 20] [Doc. 91-1].  Seneca attempted to confirm this information pre-suit, but was prevented from doing so by the following exchange from Plaintiffs' counsel:

> **Mr. Harpootlian**:     Well, you have a permission with this caveat.  If anyone says anything disparaging or in any way says something that causes them to cancel this contract, we will consider that a very bad thing.
>
> **Mr. Ouzts**:     Well, let's just do it this way.  You contact these gentlemen and obtain all communications, all records that they have regarding communications regarding this franchise agreement and specifically –
>
> **Mr. Harpootlian**: Well, you know, here's my other concern about that.  That is going to raise the question to them about what's going on here.  So I don't think we're going to give you that.  And if that's a problem, then it's a problem.
>
> But he's got a great relationship with these folks, they've extended it and if they don't, I don't know why that would affect the insurance payment.  I don't understand how that would be relevant.  But I'm not - - I don't want to jeopardize his relationship with Wyndham.  Because right now they're ready to go forward and give him the extension, verbally, until the summer.  If we start questioning that saying the insurance company wants to see it, they're going to want to know why, and I think that's a problem; that could be a problem.
>
> Again, it's the insurance company's refusal to pay that is - - that could put us in a position - - my client in a position where we might not get - - the flag might be pulled.  If

you talk to the bank they might pull the loan. And so we have a very, very tenuous position, and I don't understand how that's relevant to anything here.

**Mr. Ouzts**: Well, it's relevant to motive because if there's a default in the franchise agreement then that subjects - -

<u>**Mr. Harpootlian**</u>: *Well, tell Seneca if they want to deny this claim because he refused to allow you to talk to the franchisee, we'll be happy to litigate that*.

[Sinha EUO, p. 82-84] [Relevant portions attached hereto as Ex. "A"] [emphasis added].

After suit was filed, Seneca was diligent in conducting discovery regarding Wyndham. Specifically, Seneca served a subpoena on Super 8 Worldwide, Inc. for any and all documents relating to the Franchise Agreement. [<u>See</u> Doc. 91-3, p. 2-6]. In addition, the South Carolina Law Enforcement Division produced their file material. [Doc. 94-1, p. 2-3]. This information confirmed, just as Mr. Piano testified to during his January 14, 2016 deposition, that the deadline was not a hard deadline and that Wyndham would have worked with Plaintiff Vagish to extend the deadline as needed. [<u>Id</u>.; Piano Dep. p. 9, 20]. As such, the current issue is whether Super 8 would have shared this information with Seneca pre-suit.

**2. Seneca is Entitled to Depose a Representative of Wyndham's Legal Department to Determine What Information Would Have Been Provided to Seneca Pre-Suit**

Plaintiffs assert that Seneca acted in bad faith by failing to timely investigate Plaintiffs' claim, including, ostensibly, contacting Wyndham to determine if Plaintiff's deadline under the Franchise Agreement would have been extended upon request. Under South Carolina law, whether an insurance company is liable for bad faith must be judged by the evidence before it at the time the suit was filed. <u>See</u> <u>Howard v. State Farm Mut Auto. Ins. Co.</u>, 450 S.E.2d 582, 585, 316 S.C. 445, 448-49 (1994). As such, the necessary inquiry is what information Seneca had pre-suit regarding Plaintiff Vagish' extension under the Super 8 Franchise Agreement. Wyndham's corporate representative, who was deposed the day prior to the close of discovery,

testified during his deposition that he would <u>not</u> have provided information to Seneca pre-suit without a court order or subpoena.  <u>Id</u>. at. 32.  Rather, Mr. Piano stated that he would have directed the request to his legal department.  <u>Id</u>.

While Seneca believes that it was estopped by Plaintiffs' counsel from seeking information pre-suit from Wyndham, Plaintiffs assert that Seneca was given pre-suit access to Wyndham.  [Doc. 91, p. 6].  As such, it is relevant to determine what, if any information Wyndham would have provided to Seneca pre-suit.  While this inquiry was made by Seneca during discovery through the deposition of Steve Piano and by subsequently contacting Wyndham's legal department, Wyndham's legal department ultimately refused to answer or otherwise respond.  [Piano Dep. p. 32; Doc. 87-3, p. 2-6].

Accordingly, Seneca respectfully requests an Order from this Court re-opening discovery for a period of 30 days for the specific purpose of permitting Seneca to subpoena and depose a corporate representative of Super 8 or Wyndham Worldwide's legal department to address what, if any information would have been provided to Seneca pre-suit regarding Plaintiff Vagish's franchise agreement with Super 8 and extensions thereto.

                Respectfully submitted,

                DREW ECKL & FARNHAM, LLP

                <u>/s/Russell Thomson</u>
                Russell Thomson
                Fed Id No.  11870
                Paul W. Burke
                Admitted *Pro Hac Vice* (GA Bar No 095642)
                Eric R. Mull
880 W. Peachtree Street       Admitted *Pro Hac Vice* (GA Bar No 556860)
Atlanta, GA  30357-0600
Telephone:     (404) 885-1400
rthomson@deflaw.com
pburke@deflaw.com
emull@deflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **REPLY IN SUPPORT OF MOTION TO REOPEN DISCOVERY AND AMEND SCHEDULING ORDER** on all counsel by using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 29th day of January, 2016.

                                                      */s/Russell Thomson*
                                                      Russell Thomson
                                                      Fed Id No.  11870

P.O. Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400
(404) 876-0992 (fax)


6240342/1
05596-088833