IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| VAGISH LLC d/b/a CAMBRIDGE PLAZA HOTEL; and VA VA VAGISH LLC d/b/a LEGENDS LOUNGE,<br>    Plaintiffs,<br>v.<br>SENECA SPECIALTY INSURANCE COMPANY,<br>    Defendant. | Civil Action No: 3:13-cv-03161-TLW<br><br>SENECA SPECIALTY INSURANCE COMPANY'S MOTION IN LIMINE REGARDING PLAINTIFFS' DESIGNATED EXPERT MAURICE KRAUT |

Comes Now Defendant Seneca Specialty Insurance Company ("Seneca"), by and through counsel, and hereby files this Motion in Limine regarding the testimony of Plaintiffs' Designated expert, Maurice Kraut. Seneca is entitled to an order liming the testimony of Mr. Kraut and an instruction by this Court to the witness and/or their counsel regarding appropriate testimony for the reasons stated below.

## RELEVANT FACTS

This lawsuit involves Plaintiffs' claim for damages from Seneca, its insurer, after Plaintiff Vagish, LLC's property was damaged in a June 14, 2013 fire. All parties agree that the fire was caused by arson. Approximately five months after the fire, with requests pending to Plaintiffs for documents and information needed by Seneca to adjust Plaintiffs' claim, Plaintiffs filed suit against Seneca alleging breach of contract and bad faith for an unreasonable delay in paying Plaintiffs' claim.

During discovery, Plaintiffs identified Maurice Kraut as an expert. In his expert report, Kraut states that he was retained:

to provide an opinion as to whether, based on facts and information provided to and relied upon by Seneca, the Vagish, LLC claim was handled properly and paid in full. Furthermore, whether the actions of Seneca met industry standards, were reasonable, and whether the provisions of South Carolina Improper Claims Practices Act were violated are examined.

[Kraut Report, p. 2][Kraut Report attached as Ex. "A"].

The testimony of Kraut should be limited and Mr. Kraut and/or counsel instructed because:

1. Kraut should be not allowed to testify regarding topics that he was not previously retained and/or designated to give an opinion;

2. Kraut should not be allowed to testify regarding opinions that have not been supplemented;

3. Kraut should not be allowed to testify regarding opinions that are actually conclusions of law and thus impermissible; and

4. Kraut should not be allowed to testify regarding Seneca's handling of Plaintiffs' claim after suit was filed.

Specifically, the following opinions from Kraut should not be permitted:

- Any testimony that it is Mr. Kraut's opinion that Seneca's intent was to not pay the Plaintiffs' claim. [Kraut Report, p. 6].

- Any testimony that Kislaya Sinha had no opportunity to set the subject fire. *Id.* at 7.

- Any testimony that several individuals identified by Vagish could have revenge as a motive to destroy the Cambridge Plaza Hotel. *Id.* at 8.

- Any opinion that Seneca failed to follow the leads presented by Vagish. *Id.* Mr. Kraut testified that he does not know if Vagish provided these leads to Seneca pre-suit. [Kraut Dep., p. 64-65] [Relevant portions of Kraut Dep. attached as Ex. "B"]. Moreover, any assertion that Seneca failed to follow these leads once suit was filed is impermissible. *See Howard v. State Farm Mut Auto. Ins. Co.*, 450 S.E.2d 582, 585, 316 S.C. 445, 448-49 (1994) (testimony concerning handling of a claim after suit is filed is irrelevant).

- Any opinion that Seneca failed to make a coverage decision after the appraisal process. [Kraut Report, p. 9]. "The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court." *Wells v. American States Preferred Ins. Co.*, 919 S.W.2d 679, 683-85 (Tex. App. 1996). Moreover, any assertion that Seneca failed to pay the appraisal award, which was issued during suit, is irrelevant. See Howard, 450 S.E.2d at 584 (testimony concerning handling of a claim after suit is filed is irrelevant).

- Any testimony that Seneca's claims handling violated the South Carolina Claims Practices Act. [Kraut Report, p. 11-14]. Any such opinions are impermissible legal conclusions.

## CONCLUSION

For the reasons stated above, Seneca respectfully requests that the Court enter an Order limited Kraut from offering testimony (1) regarding topics that he was not previously retained and/or designated to give an opinion; (2) regarding opinions that have not been supplemented; (3) regarding opinions that are actually conclusions of law and thus impermissible; and (4) regarding Seneca's handling of Plaintiffs' claim after suit was filed.

Pursuant to Local Rule 7.04, no supporting memorandum accompanies this motion as the Motion itself contains a full explanation of the grounds in support of the motion and a memorandum would serve no useful purpose.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/Russell Thomson*
Russell Thomson
Fed Id No. 11870
Paul W. Burke
Admitted *Pro Hac Vice* (GA Bar No 095642)
Eric R. Mull
Admitted *Pro Hac Vice* (GA Bar No 556860)

880 W. Peachtree Street
Atlanta, GA 30357-0600
Telephone:     (404) 885-1400

rthomson@deflaw.com
pburke@deflaw.com
emull@deflaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have this day served the foregoing **SENECA SPECIALTY INSURANCE COMPANY'S MOTION IN LIMINE ON PLAINTIFFS' DESIGNATED EXPERT MAURICE KRAUT** all counsel by using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

    This 28th day of March, 2016.

                                                 /s/*Russell Thomson*
                                               Russell Thomson
                                               Fed Id No.  11870

P.O. Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400
(404) 876-0992 (fax)

6340588/1
05596-088833