# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge,<br><br>Plaintiffs,<br><br>vs.<br><br>Seneca Specialty Insurance Company,<br><br>Defendant. | C/A No.: 3:13-cv-03161-TLW |

### Reply to Defendant's response in opposition to Plaintiffs' motion to strike Seneca's supplemental motion for summary judgment

Plaintiffs Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge, (collectively, "Vagish") moved to strike Defendant Seneca Specialty Insurance Company's (Seneca's) supplemental motion for summary judgment as untimely (see Dkt. No. 141 (seeking to strike Dkt. No. 140)), because Seneca's motion was filed nearly three months past the dispositive motions deadline set by the Court's scheduling order and there was no good cause to justify the untimely submission of new substantive theories based on information long known to the parties.

Notably, Seneca's opposition to that motion (Dkt. No. 142) fails to identify any "good cause" justifying the delay, arguing instead that Vagish is not prejudiced by consideration of the untimely filing. See Def.'s Mem., 5-8. This argument ignores the good-cause inquiry that is the touchstone for modifying a scheduling order under Rule 16 of the Federal Rules of Civil Procedure. The heightened good-cause standard focuses on the diligence of the moving party, not prejudice to the non-movant. Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F. Supp. 959, 980 (D.S.C. 1997)

1

("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave…."). Thus, Seneca's inability to justify its delay is dispositive of this motion.

Seneca also opposes the motion to strike by arguing its supplemental motion for summary judgment is dispositive of the entire case, thus suggesting the Court should excuse the untimeliness of the motion because it offers a vehicle to dispense with the entire case. See Def.'s Mem., 4 ("The supplemental argument is dispositive of the entire case…."). Seneca overstates the breadth of this issue, as the new theory argued by Seneca's supplemental motion is not dispositive of the entire case such that this case would still proceed to trial regardless of the outcome of that issue.

The "bad faith cause of action exists separately from an action in contract." Tadlock Painting Co. v. Maryland Cas. Co., 322 S.C. 498, 502, 473 S.E.2d 52, 54 (1996). The claim extends not only to an unjustified refusal to pay benefits, but also to the manner in which an insurer processes a claim. Nichols v. State Farm Mut. Auto. Ins. Co., 279 S.C. 336, 340, 306 S.E.2d 616, 619 (1983); Mixson, Inc. v. Am. Loyalty Ins. Co., 349 S.C. 394, 399, 562 S.E.2d 659, 662 (Ct. App. 2002) ("…the covenant of good faith and fair dealing extends not just to the payment of a legitimate claim, but also to the manner in which it is processed."). Seneca's supplemental motion for summary judgment argues that Vagish's failure to comply with a policy condition negates the existence of coverage. See Dkt. No. 140 at 6. Without detailing the factual and legal reasons to reject this conclusion, Seneca's judicial efficiency argument nonetheless turns on the notion that, were the Court to agree with its argument, Vagish's bad faith claim would dissipate. Not so.

Even if the Court were to agree Seneca did not breach the contract, Vagish would still be able to pursue its cause of action for bad faith in the handling and processing of the claim. In Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co., 241 F. Supp. 2d 572 (D.S.C. 2002),

another member of this Court rejected the argument that summary judgment in the insurer's favor on the breach of contract claim also vitiated the plaintiff's ability to proceed with a bad faith claim.

> "[T]he covenant of good faith and fair dealing extends not just to the payment of a legitimate claim, but also to the manner in which it is processed." <u>Mixson, Inc. v. American Loyalty Ins. Co.</u>, 562 S.E.2d at 662 (citing <u>Tadlock</u>, 473 S.E.2d at 52). "[I]f an insured can demonstrate bad faith or unreasonable action by the insurer *in processing a claim* under their mutually binding insurance contract, he can recover consequential damages in a tort action." <u>Tadlock</u>, 473 S.E.2d at 53 (quoting Nichols, 306 S.E.2d at 619) (emphasis in original). Thus, breach of an express contractual provision is not a prerequisite to bringing a bad faith cause of action. <u>Tadlock</u>, 473 S.E.2d at 54.

<u>Ocean Winds</u>, 241 F. Supp. 2d at 576 (brackets original). Even assuming, *arguendo*, there was no coverage for the reason Seneca argues in its supplemental motion, Vagish's bad faith claim would still go forward. As explained in great detail in opposition to Seneca's first motion for summary judgment, "Seneca's refusal to accept this claim was predicated on a fact it never investigated. That is bad faith." Dkt. No. 134 at 2; <u>cf.</u> <u>Ocean Winds</u>, 241 F. Supp. 2d at 577 (denying summary judgment "theory that defendant failed to process his claim in good faith even if there were no coverage under the contract"). Accordingly, Seneca's suggestion that the Court should excuse the untimeliness of its recent summary judgment motion because it will end this case is inaccurate.

For the reasons set forth above, and those previously stated, the Court should grant the motion to strike Seneca's supplemental motion for summary judgment.

[signature page follows]

Respectfully submitted by,

s/Richard A. Harpootlian
Richard A. Harpootlian (Fed. ID No. 1730)
rah@harpootlianlaw.com
Christopher P. Kenney (Fed. ID No. 10147)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
(803) 252-4848
Facsimile (803) 252-4810

Leigh J. Leventis (Fed. ID No. 2661)
leighleventis@aol.com
THE LAW OFFICES OF LEIGH J. LEVENTIS
1913 Bull Street (29201)
Post Office Box 11067
Columbia, South Carolina 29211
(803) 256-0113
Facsimile (803) 799-1612

James M. Griffin (Fed. ID No. 1053)
jgriffin@griffindavislaw.com
GRIFFIN | DAVIS
1116 Blanding Street (29201)
Post Office Box 999
Columbia, South Carolina 29201
(803) 744-0800
Facsimile (803) 744-0805

ATTORNEYS FOR PLAINTIFFS

May 2, 2016
Columbia, South Carolina.