IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vagish LLC d/b/a Cambridge Plaza Hotel; and Va Va Vagish LLC d/b/a Legends Lounge,<br><br>PLAINTIFFS<br><br>v.<br><br>Seneca Specialty Insurance Company,<br><br>DEFENDANT | Case No. 3:13-cv-3161-TLW<br><br><br>**ORDER** |

This matter comes before the Court on Defendant's Motion for Partial Summary Judgment and Supplemental Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56. ECF Nos. 101, 140.[1] The parties have briefed these matters and the motions are now ripe for consideration. ECF Nos. 104-108, 115, 142, 145. As set forth below, Defendant's motion for Partial Summary Judgment is granted-in-part and denied-in-part, and Defendant's Supplemental Motion for Summary Judgment is denied.

**RELEVANT FACTUAL BACKGROUND**[2]

On November 21, 2013, Plaintiffs filed this breach of insurance contract and bad faith claim against Defendant concerning the coverage for a motel fire that occurred on June 14, 2013.

---

[1] Also before the Court is Plaintiffs' Motion to Strike, ECF No. 110; however, the Court's decision on the motions for summary judgment renders this motion MOOT. The factual questions identified herein preclude summary judgment regardless of whether the documents addressed in the motion to strike are considered.

[2] This factual recitation pertains only to the motions presently before the Court. As required, these Rule 56 motions are decided based on the evidence of record and reasonable inferences therefrom when viewed in the light most favorable to Plaintiff, the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

Defendant had not reached a coverage decision by the time the lawsuit was filed. Thus, the essential issues in this case concern whether coverage exists and whether Defendant acted in bad faith in failing to reach a coverage decision within five months of the loss.

The parties do not dispute that the fire was the result of arson, however it is unclear who started the fire. ECF No. 104 at 1. Plaintiffs suggest the fire may have been started by a disgruntled employee. ECF No. 150-3 at 3-5 (Sinha Dep.). In response, Defendant argues that it was justified in not reaching a coverage decision prior to November 21, 2013, (the date this lawsuit was filed) based upon information that a motel representative, Kislaya Sinha, may have been involved in or started the fire. ECF No. 101 at 23. Defendant asserts it was still investigating this issue when this lawsuit was filed and, thus, it had not yet reached a coverage decision.

The record indicates the fire started in three unlocked guest rooms on the fourth floor of Plaintiffs' motel. ECF No. 150-6 at 2-3 (Rimkus Fire Inspection Report). These rooms were being used to store mattresses and furniture. Id. Only the bottom two floors of the motel were open for business—the rooms on the third and fourth floors had not yet been renovated and were not available to guests. ECF No. 150-6. A former employee testified at her deposition that several hotel employees stayed in rooms on the fourth floor, though it is not clear from her testimony when this occurred. ECF No. 151-3 at 4 (Claire Dep.).

The record is not clear as to when the door locks were removed from the rooms where the fire started. Sinha testified at his deposition that locks were removed from several rooms on the fourth floor and used to replace inoperative locks on lower floors, ECF No. 140-2 at 4, but his testimony does not indicate when this occurred. On December 12, 2012, six months before the fire, Charles Kneisley surveyed the property on behalf of Defendant. ECF No. 151-1 at 2. His inspection report does not expressly state whether there were locks on the fourth floor rooms. See

ECF No. 151-1 at 6-8.  However, Kneisley subsequently filed an affidavit attesting that all of the exterior openings of the motel were secure and stating that he would have noted if any doors had been missing locks at the time of his inspection.  Id. at 3-4.

Defendant asserts it was still investigating the claim when this lawsuit was filed.  Due to the nature of the fire, Defendant retained a cause and origin expert, salvage expert, independent adjuster, construction expert, and forensic accountant.  ECF No. 101 at 2.  Defendant also conducted an examination under oath (EUO) of Sinha and was coordinating with state authorities concerning a criminal investigation of the fire.  Id.  Additionally, Defendant requested certain financial documentation from Plaintiffs to allow it to evaluate Plaintiffs' financial condition at the time of the fire.  Id. at 2-3, 26-27.  Defendant asserts these documents had not still been produced at the time the lawsuit was filed.  Id. at 27.

Conversely, Plaintiffs contend that Defendant's investigation could have been completed by the end of August 2013, approximately three months after the fire, but Defendant nonetheless refused to make a coverage determination.  ECF No. 104 at 4-10.  Accordingly, Plaintiffs filed this lawsuit on November 21, 2013.

On February 16, 2016, Defendant filed a Motion for Partial Summary Judgment on the following grounds: (1) Defendant's investigation of the claim was reasonable and timely; (2) Plaintiffs failed to comply with all conditions precedent in the policy prior to filing suit (i.e., failing to produce the requested documents); and (3) Legends Lounge, the restaurant attached to the motel, was closed and had been closed for approximately six months prior to the fire such that no business income loss occurred there.  ECF No. 101 at 2.  Defendant asserts there is no triable issue of fact on these matters and it seeks judgment as a matter of law on the issues of bad faith, attorneys' fees, and punitive damages.  Id.  Defendant also seeks to enforce the award of a damages umpire as

conclusive concerning the amount of the loss in this case.

Thereafter, on April 15, 2016, Defendant filed a Supplemental Motion for Summary Judgment on all claims on the ground that Plaintiffs were not in compliance with the Protective Safeguards Endorsement, a condition of coverage or an exclusion under the policy. ECF No. 140 at 1. Specifically, Defendant asserts that the door locks on the rooms on the fourth floor where the fire began had been removed at the time of the fire and, thus, those rooms were unsecure in violation of a policy provision. Id. at 3-8.

As stated, these motions have been fully briefed and are now ripe for disposition.

## LEGAL STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of showing there are no disputed genuine issues of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Once the moving party has met this requirement, the burden shifts to the non-moving party to establish that a genuine issue exists for trial as to all of the essential elements of that party's case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). In order to survive summary judgment, the non-moving party must establish the existence of a factual issue, which must be both "material" and "genuine." Id. at 248.

In considering a motion for summary judgment, the Court construes all facts and reasonable inferences arising therefrom in the light most favorable to the nonmoving party. Libertarian Party of Va. v. Judd, 718 F.3d 308, 312-13 (4th Cir. 2013). The court may not "weigh the evidence and determine the truth of the matter," because genuine disputes as to the truth of material facts should be submitted to the jury. Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014). "When conflicting evidence is presented, summary judgment on the issue of bad faith is generally inappropriate[,]" unless "no

reasonable finder of fact could have found for the plaintiff on her bad faith claim." Shiftlet v. Allstate Ins. Co., 451 F. Supp. 2d 763, 772 (D.S.C. 2006).

## DISCUSSION

As stated, Defendant has moved for summary judgment on multiple issues and grounds. Having carefully considered the motions, briefs, and numerous documents produced, the Court concludes that factual questions preclude summary judgment on each of the issues argued, except the question of whether umpire's award is binding on the parties. The Court addresses each issue raised in turn below.

### I. Motion for Partial Summary Judgment

#### a. Bad Faith Claim

Defendant asserts that its investigation of Plaintiffs' claim was ongoing at the time this lawsuit was filed and, thus, there is no evidence upon which a bad faith claim can stand. ECF No. 101 at 19-25. Specifically, Defendant contends it was reasonable for it to postpone its coverage decision based on the circumstantial evidence of arson, the implication that Sinha was involved in the fire, the extent of the claim, the ongoing criminal investigation of state authorities, and the failure of Plaintiffs to produce requested financial documents. Id. at 25. In support of this argument, Defendant cites a number of decisions where courts granted summary judgment based on the lack of evidence of bad faith. Id. at 20-22.

Conversely, Plaintiffs assert that Defendant was not really seeking to determine who caused the fire, but were simply withholding a coverage decision based on the belief that Sinha was involved. ECF No. 104 at 11-21. Plaintiffs argue that they participated in the requested EUO, furnished Defendant with multiples sets of documents, and gave Defendant "carte blanche access" to Plaintiffs' accountant in an effort to provide all necessary information, but that Defendant

5

nonetheless refused to make a coverage decision. Id. at 22. Plaintiffs contend that the question of whether Defendant set out to deny the claim rather than to determine coverage is a factual question for the jury, citing State Farm Fire & Cas. Co. v. Barton, 897 F.2d 729, 731 (4th Cir. 1990) (holding that when there is conflicting evidence about whether an objectively reasonable basis to deny the claim exists, the issue of bad faith must be decided by the jury, citing Nichols v. State Farm Mut. Auto Ins. Co., 306 S.E.2d 616 (S.C. 1983)). Plaintiffs' position is sufficiently persuasive.

Whether to allow the bad faith claim to survive summary judgment in this case is a close question—but the Court concludes the record is sufficient to proceed to trial on this claim. Defendant presents evidence to support its contention that it acted reasonably and diligently, noting that it never denied the claim before this lawsuit was filed. However, the Court has carefully reviewed the record and concludes that when all facts and reasonable inferences are viewed in the light most favorable to the nonmoving party, as required at this stage, there are material factual issues that preclude summary judgment on the issue of bad faith.

### b. Loss of Business Income for Legends Lounge

As noted, there is no dispute that Legends Lounge, the restaurant attached to the motel, was closed by approximately January 2013 and, thus, was not open for business at the time of the June 2013 fire. ECF No. 101 at 28. Defendant argues that because the business closed prior to the loss, there can be no loss of business income, citing Am. Res. Ins. Co. v. Palmer, C/A No. 4:08–03314–RBH, 2010 WL 3282579, at *11 (D.S.C. Aug. 19, 2010).

Plaintiffs concede the restaurant was closed before the fire, but argue coverage exists under the policy because Defendant had knowledge that Plaintiffs were renovating the restaurant as evidenced by the policy's declarations page that describes the business operation as "renovation." ECF No. 104 at 33 (citing Policy Declarations Page, ECF No. 1-1 at 2).

In light of the facts and legal analyses asserted, Plaintiffs will be given the opportunity at trial to present evidence on the alleged loss associated with disruption of the renovations at the restaurant. Taking the evidence in the light most favorable to Plaintiffs, the Court finds that there are genuine issues of material facts concerning the alleged loss and the scope of the coverage such that summary judgment should not be granted. The Court notes that the Palmer court also denied summary judgment on this issue, and reserved judgment until the evidence was presented at trial. 2010 WL 3282579, at *11. Therefore, summary judgment is denied on the issue of loss of business income to Legends Lounge.

### c. Umpire's Award

The insurance policy contains an appraisal provision that provides a process to resolve valuation disputes between the insurer and the insured. The provision states as follows:

> If we [the insurer] and you [the insured] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made to a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

ECF No. 1-1 at 39 (Insurance Contract, ¶ E.2). The contract further provides: "We [the insurer] will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and . . . [a]n appraisal award has been made." Id. at 40 (¶ E.4.g).

As noted, the parties engaged in the appraisal process during the pendency of this action and, after being unable to agree upon the amount of loss, an umpire adjudicated the loss for

7

structural damage and damage to business personal property to be $796,686.12 (the total award adjusted for applicable policy limits). ECF No. 101 at 33; see also ECF No. 101-8 at 5 (Appraisal Award).

Defendant asserts that the umpire's award establishes the amount of loss and that the only remaining issue for the Court to decide is liability. ECF No. 101 at 32-35. Defendant cites a number of cases that stand for the proposition that an appraisal award such as this one is binding upon the parties in litigation. Id. at 33-35.

Plaintiffs agree that, in general, an appraisal award is binding in litigation, but they argue that Defendant violated this contractual provision when it did not tender payment within thirty days of receiving the umpire's award. ECF No. 104 at 28. Based on this contention, Plaintiffs argue the entire appraisal provision is unenforceable. Id. at 27-31. Alternatively, Plaintiffs argue that even if the Court accepts the award as the measure of the loss, the question of damages should still be submitted to the jury because Plaintiffs are entitled to consequential and punitive damages on their bad faith claim, in addition to the alleged loss of business income, as discussed above. Id. at 31-32.

As noted by both parties, an umpire's award is generally binding in insurance coverage litigation. See, e.g., High Country Arts and Craft Guild v. Hartford Fire Ins. Co., 126 F.3d 629, 633-34 (4th Cir. 1997). Here, the parties contractually agreed that the umpire's award would be binding. See ECF No. 1-1 at 39 (Insurance Contract, ¶ E.2) ("A decision agreed to by [the umpire and one appraiser] will be binding."). The Court does not find Plaintiffs' argument concerning Defendant's alleged waiver persuasive. While the umpire's award did establish the amount of the structural damage and damage to personal business property, it has no impact on the determination of coverage or Defendant's liability for the loss. After careful consideration, the Court finds that

the umpire's award establishes the amount of loss associated with structural damage and damage to personal business property in this case. If Plaintiffs ultimately prevail on their bad faith claim at trial, they may seek other damages as appropriate.

## II.     Supplemental Motion for Summary Judgment

In its supplemental motion, Defendant argues it is entitled to summary judgment on all claims because Plaintiffs were not in compliance with the Protective Safeguards Endorsement, a condition of coverage under the policy. ECF No. 140. Specifically, Defendant asserts that the fire started in rooms that Plaintiffs left unlocked in violation of the safeguard provision which states: "All exterior openings of the building at the covered location are to be locked and secured to prevent access to the building that is not authorized by you." ECF No. 140 at 2 (citing ECF No. 1-1 at 7 (Insurance Contract)). The policy further states, "[w]e will have no liability for loss, damage or expense caused by or resulting from fire or theft in the event of failure to comply with any Protective Safeguard(s) . . . ." Id.

In response, Plaintiffs argue summary judgment should not be granted for three reasons: (1) Defendant waived its right to enforce the endorsement; (2) there is a dispute as to the causal link between Plaintiffs' purported breach and the loss; and (3) the policy endorsement is ambiguous. ECF No. 150.

After careful consideration, the Court concludes that summary judgment is not appropriate on this record. As an initial matter, the Court concludes the safeguard provision is ambiguous concerning which "exterior openings" are to be locked. This fire occurred at a motel where there is open access to the stairwells and exterior hallways adjacent to all of the rooms at all times. It is unclear as to how the provision was intended to apply under these circumstances. As such, the issue of whether this provision required Plaintiffs to lock the doors to the rooms where the fire

9

started presents a jury question.  See Canal Ins. Co. v. Nat'l House Movers, LLC, 777 S.E.2d 418, 421 (S.C. Ct. App. 2015) ("If the court decides the language is ambiguous . . . the determination of the parties' intent becomes a question of fact for the factfinder.").

Additionally, the question of whether or not Defendant waived its right to enforce the provision at issue cannot be decided on this summary judgment record.  This argument turns on factual questions concerning the security condition of the motel when Defendant's inspector evaluated it in December 2012.  The parties have presented conflicting evidence as to when the door locks were removed and as to the existence of other possible security concerns at the time of this inspection.[3]  The question of waiver cannot be decided as a matter of law on this record.

The disputed question of a causal link is also appropriate for a jury trial.  It is unclear whether the safeguard in question, locked doors, was intended to prevent the type of loss at issue here, a fire.  The Court notes that the inspector's report addresses door locks when evaluating the motel's burglary defenses, not its fire protection.  ECF No. 151-1 at 6.  Moreover, there is a question as to whether the safeguard would have prevented this loss if it was, as urged by Plaintiffs, caused by a person who had authorized access to the motel rooms (i.e., a disgruntled employee).

In light of the aforementioned material questions of fact, and considering the evidence in the light most favorable to Plaintiffs, the Court finds that there are genuine issues of fact such that summary judgment should not be granted on the issue of the Protective Safeguard Provision.

---

[3] In his inspection report, Kneisley noted that several pass-through air conditioning units had been removed from rooms on the third and fourth floors.  ECF No. 151-1 at 6.  Sinha asserts that these openings were covered by louvers or grills that could be removed without tools and allowed someone to see into the room through the gaps in the grate.  ECF No. 150-2 at 2-3.  Thus, Plaintiffs assert the rooms were obviously not secure when the inspection was performed regardless of the condition of the door locks and Defendant continued to insure the premises with knowledge of this condition.

Therefore, Defendant's Supplemental Motion for Summary Judgment is denied.

## CONCLUSION

Having carefully considered the parties' arguments, the record in this case, and the applicable law, Defendant's Motion for Partial Summary Judgment, ECF No. 101, is granted with respect to the binding effect of the umpire's award, and denied as to all other issues. Additionally, Defendant's Supplemental Motion for Summary Judgment, ECF No. 140, is denied. In light of the Court's rulings, Plaintiffs' Motion to Strike, ECF No. 110, is terminated as moot.

With these motions decided, this case is now ready for trial. The Court intends to select a jury in this case on October 3, 2016, at 9:30 a.m., and then to proceed to trial. Counsel for the parties are to appear at an initial pretrial conference to address jury selection and the date of the trial at 9:30 a.m. on Friday, September 9, 2016, in Courtroom 5 of the Matthew J. Perry, Jr., Federal Courthouse.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Chief United States District Judge

September 1, 2016
Columbia, South Carolina