UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge,<br><br>Plaintiffs,<br><br>vs.<br><br>Seneca Specialty Insurance Company,<br><br>Defendant. | C/A No.: 3:13-cv-03161-TLW |

**Plaintiffs' memorandum of law in response to**
**Defendant's motion *in limine* regarding references to Seneca's post-suit conduct**

Defendant Seneca Specialty Insurance Company (Seneca) moved the Court *in limine* for an order "preventing Plaintiffs, their witnesses, and their counsel from making any reference or adducing any testimony regarding Seneca's handling of Plaintiffs' claim post-suit." Dkt. No. 124 at 2. Plaintiffs Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge (collectively, "Vagish") filed a similar motion seeking to exclude post-suit evidence. See Dkt. No. 122 (detailing matters subject to exclusion). Both parties cite Howard v. State Farm Mutual Automobile Insurance Co., 450 S.E.2d 582 (S.C. 1994) as controlling. See also Tadlock Painting Co. v. Maryland Cas. Co., 473 S.E.2d 52, 55 (S.C. 1996) (fact that claims were settled for amount less than deductible is irrelevant). Howard requires that Seneca's liability be determined based on the information available at the time suit was filed. Howard, 450 S.E.2d at 584. Both motion should be granted with one caveat.

At footnote 1 of its motion, Seneca notes that it "is not moving in *limine* to exclude evidence gathered by Seneca during discovery or to exclude the Umpire's Award." See Dkt. No.

124 at 2 n.1. Vagish agrees that information obtained in discovery is admissible *provided* it is information of pre-suit conduct. Likewise, and based on the Court's ruling granting partial summary (see Dkt. No. 154), the jury must be told the disputed cost of the property damage has been resolved (preferably during the Court's initial instructions to the jury at the beginning of trial), but should not be permitted to hear evidence concerning the appraisal process.

Subject to this clarification, Vagish asks that the parties' motions on this issue be granted.

Respectfully submitted by,

s/Richard A. Harpootlian
Richard A. Harpootlian (Fed. ID No. 1730)
rah@harpootlianlaw.com
Christopher P. Kenney (Fed. ID No. 10147)
cpk@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street (29201)
Post Office Box 1090
Columbia, South Carolina 29202
(803) 252-4848
Facsimile (803) 252-4810

Leigh J. Leventis (Fed. ID No. 2661)
leighleventis@aol.com
THE LAW OFFICES OF LEIGH J. LEVENTIS
1913 Bull Street (29201)
Post Office Box 11067
Columbia, South Carolina 29211
(803) 256-0113
Facsimile (803) 799-1612

James M. Griffin (Fed. ID No. 1053)
Griffin | Davis
1116 Blanding Street
P.O. Box 999 (29202)
Columbia, South Carolina 29201
Telephone: (803) 744-0800
jgriffin@griffindavislaw.com

ATTORNEYS FOR PLAINTIFFS

September 8, 2016
Columbia, South Carolina.