UNITED STATES DISTRICT COURT
District of South Carolina
Columbia Division

| | |
|---|---|
| Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge,<br><br>Plaintiffs,<br><br>vs.<br><br>Seneca Specialty Insurance Company,<br><br>Defendant. | C/A No.: 3:13-3161-TLW<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT DAVID ICOVE** |

Defendant Seneca Specialty Insurance Company ("Seneca"), by and through counsel, files its Response in Opposition to Plaintiffs' Motion in *Limine* to Exclude Defense Expert David Icove, showing the Court the following:

## **INTRODUCTION**

Most jurors have never experienced a fire, much less investigated one that has been deliberately set. The correct method of investigating the motive for an arson fire has been honed over decades, and is the subject of peer-reviewed articles and book chapters. In essence, it is specialized knowledge.

It is the method for investigating the motive for arson that Seneca offers expert David Icove. Mr. Icove's testimony will assist the trier of fact in two ways. First, Mr. Icove's explanation of how to conduct an expert investigation into the motive for arson—the questions to ask, where to look, insights from historical data—will provide jurors with a framework for evaluating the foundational question of fact here: Whether Seneca, during the adjustment of Plaintiffs' claim, had a reasonable basis for believing that Kislaya Sinha started the fire? Second, his testimony rebuts Plaintiffs' claim that Seneca failed to investigate who started the fire

Contrary to Plaintiffs' representations, Judge Herlong in fact permitted Mr. Icove to provide similar expert testimony in the case of *Genesis Press, Inc. & Genesis Publications, LLC v. Hartford Casualty Ins. Co.*, No. 6:08-cv-2015-HMH (D.S.C.),

In that case, Judge Herlong recognized that "trouble is encountered only when the evaluation of the commonplace by an expert witness might supplant a jury's independent exercise of common sense."[1] Accordingly, Judge Herlong prohibited Mr. Icove from testifying that the plaintiffs in that case had, in fact, deliberately set the fire.[2]  Judge Herlong did, however, permit Mr. Icove to explain:

- The fundamentals of investigating an arson fire, particularly motive.
- The nature, history, and development of those fundamentals.
- How Mr. Icove adhered to those fundamentals in that case.
- The recognized six classifications of arson motives, the nature of those classifications, and their history.
- How Mr. Icove examined each of the motive classifications in connection with evaluating motive.
- The nature of the "red flags" that typically signify a fire within the "arson for profit" motive classification. [3]

Seneca and Mr. Icove are aware of Judge Herlong's prior ruling and vow to follow it the instant case.

In sum, Mr. Icove's testimony will (1) assist the jury with a logical, expert framework for evaluating motive for an arson fire, and (2) confirm that Seneca followed that framework in connection with evaluating Plaintiffs' underlying claim. This expert assistance is within Rule 702, Fourth Circuit precedent, and Judge Herlong's prior ruling. Accordingly, the Court should deny Plaintiffs' motion to strike Mr. Icove's testimony and permit Mr. Icove to testify up to the aforementioned limit provided by Judge Herlong.

_____

[1]  *Scott v. Sears, Roebuck & Co.,* 789 F.2d 1052, 1055 (4th Cir. 1986)

[2]  Icove Verification, ¶ 3.  Icove Verification attached hereto as Ex. "A."

[3]  Id. at ¶ 4; Ex. "1" to Icove Verification.

## ARGUMENT

### 1. The Court Should Deny Plaintiffs' Motion Because Mr. Icove's Testimony Will Help the Trier of Fact Understand the Evidence

The admissibility of expert witness testimony is governed by *Daubert v. Merrell Dow Pharmaceuticals, Inc.* and Federal Rule of Evidence 702, which provide (in pertinent part):

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.[4]

A district court has a gatekeeping obligation to ensure expert testimony complies with Rule 702.[5] This obligation extends not just to scientific testimony, but to all expert testimony.[6] Like other evidentiary determinations, it requires the trial judge to exercise an informed discretion "guided by the overarching criteria of relevance and reliability."[7] While discretion is broad, it is informed by the Fourth Circuit's edict that excluding expert testimony is the exception rather than the rule.[8]

In the instant case, Plaintiffs' suit raises two causes of action: one for breach of contract and the other for bad faith.[9] Central to both claims is the allegation that

---

[4] 509 U.S. 579, 113 S.Ct. 2786 (1993); Fed. R. Evid. 702.

[5] *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999).

[6] *Id.*

[7] *Oglesby v. Gen. Motors Corp.,* 190 F.3d 244, 250 (4th Cir. 1999).

[8] *SMD Software, Inc. v. EMove, Inc.,* 945 F. Supp. 2d 628, 634–35 (E.D. N.C. 2013) (*citing* Fed. R. Evid. 702 advisory committee's note (2000)); *see also United States v. Crisp,* 324 F.3d 261, 269–70 (4th Cir. 2003) ("The Supreme Court emphasized in *Daubert* that 'vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" (quoting *Daubert,* 509 U.S. at 596)).

[9] Doc. 1, p. 3-6.

Seneca failed to investigate the fire. Plaintiffs' expert, an insurance adjuster named Maurice Kraut, framed the issue as follows:

> No expert was assigned to or asked to investigate the WHO. That is—who intentionally set the blaze ... It cannot be predicted where a proper investigation might have led. Seneca has produced no evidence that [it] performed ANY investigation into who might have started these fires ... It is my opinion that the lack of investigation signifies that the intent of Seneca Insurance Company was not to find out what happened, but to NOT PAY THE CLAIM."[10]

To assist in rebutting this assertion, Seneca has designated Mr. Icove, whose testimony will assist the trier of fact in two ways. First, Mr. Icove will provide testimony concerning how to conduct an expert investigation into the motive for arson—the questions to ask, where to look, insights from historical data. This testimony will provide jurors with a framework for evaluating the foundational question of fact here: Whether Seneca had a reasonable basis during the adjustment of Plaintiffs' claim for believing that Kislaya Sinha started the fire? Second, his testimony rebuts Plaintiffs' claim that Seneca failed to investigate who started the fire.

### 2. The Court Should Deny Plaintiffs' Motion Because Mr. Icove's Testimony Will Educate the Trier of Fact on Established Arson Investigation Principles

An expert's opinion assists the trier of fact, and is therefore relevant under Rule 702, to the extent the expert draws on some special skill, knowledge or experience.[11] Rule 702 contemplates that an expert may be used to educate the jury about general principles even without attempting to apply them the facts of a particular case.[12] For this kind of testimony, Rule 702 requires only that (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an

---

[10] Kraut Report, p. 4, 6; Kraut Report attached as Ex. "B."

[11] *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 392–93 (D. Md. 2001) (*quoting Ancho v. Pentek Corp.*, 157 F.3d 512, 518 (7th Cir. 1998)).

[12] *See* Fed. R. Evid. 702, advisory committee notes (2000) ("Yet, it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply the principles to the specific facts of the case").

expert; (3) the testimony be reliable; and (4) the testimony "fit" the facts of the case.[13]

Plaintiffs do not contest Mr. Icove's qualifications, the reliability of his methods, or the "fit" or foundation of his testimony, nor could they. Plaintiffs limit their challenge to whether Mr. Icove's testimony assists the trier of fact. In the Fourth Circuit, "Rule 702 makes inadmissible expert testimony as to a matter which *obviously* is within the common knowledge of the jurors, because such testimony, almost by definition, can be of no assistance."[14]

Mr. Icove's testimony will assist the jury in the instant case. He will help the jury understand the principles of investigating the motive for an arson fire—what those principles are, how they were developed, why they matter—and how Seneca adhered to those principles. The many books and peer-reviewed articles that have developed and refined these principles (many of which Mr. Icove has authored) make clear that these principles are not *obviously* within the common knowledge of the average juror. As Judge Herlong recognized of Mr. Icove's testimony in the *Genesis* case, "If he qualifies as an expert arson investigator, he can say under my training in looking for arson, these are things we look for."[15] Moreover, this is why, contrary to Plaintiffs' suggestion, Judge Herlong allowed Icove to testify in the *Genesis* case.[16]

Plaintiffs themselves have designated Mr. Kraut, who has dedicated entire sections of his report to discussing "Proper Fire Loss Investigation requires the application of the Arson Triangle" and "Proper Investigation – who may have motive to set a fire at Cambridge Plaza Hotel."[17] The latter is essentially what Mr. Icove intends to address. Plaintiffs designated Mr. Kraut on these subjects because

---

[13]   *Id.*; *Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 n.12 (D. Md. 2011).

[14]   *Scott v. Sears, Roebuck & Co.*, 789 F.2d at 1055 (emphasis added).

[15]   *Genesis Press, Inc. et al v. Hartford Casualty Ins. Co.*, No. 6:08-cv-2115 in the United States District Court for District of South Carolina (Greenville Division) May 4, 2010 "Transcript of Motions" at p. 73. Pertinent excerpt attached hereto as Ex. "C."

[16]   *See* Icove Verification.

[17]   Kraut Report, p. 7–8.

Plaintiffs recognized, as Judge Herlong did in *Genesis,* that these subjects justify expert assistance—that these subjects are not what lawyers can argue or summaries of what others may say.

### The Court Should Deny Plaintiffs' Motion Because Mr. Icove's Testimony is Admissible to Rebut What Plaintiffs Have Placed "At Issue"

Finally, because Plaintiffs have placed Seneca's arson investigation at issue, Plaintiffs cannot exclude Seneca's defense and explanation of that very investigation. Judge Herlong recognized this too:

> THE COURT: Let me just cut you off and say if they put up somebody that this is a standard for an investigation, sure, you can come back with an expert .... Listen, I try to treat everybody the same.[18]

Mr. Icove will provide expert testimony to define a proper arson investigation. His testimony rebuts (1) Kraut's assertion that "No expert was assigned to or asked to investigate the WHO. That is—who intentionally set the blaze;"[19] and (2) Plaintiffs' claims that Seneca "fail[ed] to make a reasonable investigation into the fire and the resulting damages and losses" and "failed to make a prompt and reasonable investigation of Plaintiffs' claim."[20] For these reasons, Mr. Icove's testimony on these subjects is admissible.

[*SIGNATURES APPEAR ON THE FOLLOWING PAGE*]

_____

[18]   *Genesis Press,* May 4, 2010 "Transcript of Motions" at 72.

[19]   Kraut Report, p. 4.

[20]   Doc. 1, p. 3-6.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/Russell Thomson*
Russell Thomson
Fed Id No. 11870
Paul W. Burke
Admitted *Pro Hac Vice* (GA Bar No 95642)
Eric R. Mull
Admitted *Pro Hac Vice* (GA Bar No 556860)

880 W. Peachtree Street
Atlanta, GA 30357-0600
Telephone:(404) 885-1400
rthomson@deflaw.com
pburke@deflaw.com
emull@deflaw.com

WALL TEMPLETON & HALDRUP, P.A.

*/s/Morgan S. Templeton*
Morgan S. Templeton
Federal Bar No. 7187

145 King Street, Suite 300
Charleston, South Carolina 29401
Telephone: (843) 329-9500
morgan.templeton@walltempleton.com

Counsel for Defendant

UNITED STATES DISTRICT COURT
District of South Carolina
Columbia Division

| | |
|---|---|
| Vagish, LLC, doing business as Cambridge Plaza Hotel, and Va Va Vagish, LLC, doing business as Legends Lounge,<br><br>       Plaintiffs,<br><br>vs.<br><br>Seneca Specialty Insurance Company,<br><br>       Defendant. | C/A No.: 3:13-3161-TLW<br><br>**CERTIFICATE OF SERVICE** |

  This will certify that I have this date served a copy of the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENSE EXPERT DAVID ICOVE** upon Plaintiff's counsel and all other Counsel of Record via the Court's electronic filing and transmission facilities pursuant to FRCP 5(b)(3) and Local Rule 5.05.

  This 15th day of September, 2016.

                     DREW ECKL & FARNHAM, LLP

                     */s/Russell R. Thomson*
                     Russell R. Thomson
                     South Carolina Bar No. 80032

Drew Eckl & Farnham, LLP
Post Office Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400
(404) 876-0992 (fax)
*Attorneys for Defendant Seneca Insurance Company, Inc.*

6680493/1
05596-088833