IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| VAGISH LLC d/b/a CAMBRIDGE PLAZA HOTEL; and VA VA VAGISH LLC d/b/a LEGENDS LOUNGE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No: 3:13-cv-03161-TLW |
| SENECA SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) ) ) ) ) | SENECA'S REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING REFERENCES TO AN INNOCENT CO-INSURED |

Comes Now Defendant Seneca Specialty Insurance Company ("Seneca"), by and through counsel, and hereby files its Reply in Support of Seneca's Motion in Limine, respectfully showing the Court the following.

In its Motion in Limine, Seneca outlined the circumstantial evidence implicating Kislaya Sinha in the subject fire and how, under the Policy's Concealment, Misrepresentation or Fraud provision, the policy is void in any case of concealment, misrepresentation or fraud by the insured. Plaintiffs agree this Policy condition would disallow an insured from making an innocent co-insured argument. [Doc. 160, p. 4]. In addition, Plaintiffs admit that Kislaya Sinha, who remains the South Carolina Law Enforcement Division's only suspect in the subject fire, is a member of Plaintiff Vagish, LLC and Va Va Vagish, LLC. [Doc. 160, p. 1-2]. However, Plaintiffs assert that the innocent co-insured doctrine is applicable to this case because the policy does not identify the named insureds to include Kislaya Sinha (which Plaintiffs argue is supported the record) and South Carolina law does not impute illegal acts of a member to a limited liability corporation. For the reasons set forth below, both arguments fail.

**A. Kislaya Sinha's Actions in Presenting a Fraudulent Insurance Claim Bound the Named Insured**

Plaintiffs fail to acknowledge that under the plain language of Plaintiff Vagish's Operating Agreement, Kislaya Sinha was granted the power to carry out the business of Plaintiff Vagish, which would include making and presenting insurance claims on behalf of the company. Specifically, the Vagish, LLC Operating Agreement provides (in pertinent part):

> 1.10 **Purposes**.  The character of business and purposes of the Company shall be to manage real estate, **and all services ancillary to such business**, including but not limited to managing, improving, operating, leasing, mortgaging, refinancing, pledging, selling or otherwise dealing with the Company Property and engaging in such other activities as the Members deem necessary or appropriate to the forgoing purposes.

> 1.11 **Powers**.  Subject to the provisions of this Agreement, the Company shall have the same powers as an individual to do all things necessary or convenient to carry on its business and affairs, including the power to:

> *       *       *

> (b)     Purchase, receive, lease, or otherwise acquire, and own, hold, improve, use, maintain, manage, operate and otherwise deal with property of any kind, real, personal, tangible and intangible, or any legal or equitable interest in property, where located.

> *       *       *

> 5.4  **Managers**.

> (a)     Number and Qualifications.  The number of Managers on the Management Committee shall be at least one (1), but not more than two (2).  As of the date of this Agreement, the number of Managers of the Management Committee shall be one (1), and the following individuals are hereby elected to the Management Committee:

> Kislaya Sinha

[Operating Agreement, p. 2, 11][Operating Agreement attached hereto as Ex. "1"] (emphasis added).

Further, Vagish, LLC's Articles of Organization provide that Vagish, LLC is manager managed LLC.  [Articles of Organization, p, 2] [Articles of Organization attached hereto as Ex. "2"].

Under South Carolina law, in a manager-managed company, "an act of a manger which is not apparently for carrying on in the ordinary course the company's business or business of the kind carried on by the company binds the company only if the act was authorized under S.C. Code Ann. § 33-44-404.  *See* S.C. Code Ann. 33-44-301(b)(2).  Under S.C. Code Ann. § 33-44-404(b)(2), "except as otherwise provided in subsection (c), any matter relating to the business of the company may be exclusively decided by the manager or, if there is more than one manager, by a majority of the managers."  In the current case, the act at issue is the intentional burning of Vagish, LLC's property and the resulting false claim presented to Seneca.  As such, the exceptions provided in S.C. Code Ann. § 33-44-404(c) are inapplicable.[1]

Given the forgoing, by the plan language of Plaintiff Vagish's Operating Agreement and under South Carolina law, Kislaya Sinha had authority "to do all things necessary or convenient to carry on its business and affairs," which included presenting the underlying insurance claim to Seneca.[2]  Kislaya Sinha had the authority to, and did, bind Vagish, LLC when he filed a fraudulent insurance claim.  In so doing, Plaintiff Vagish violated the terms of the Policy, barring coverage for any innocent co-insured.

---

[1] The exceptions provided in subsection (c) include (1) amendment to the operating agreement; (2) authorization or ratification of acts or transactions under Section 33-44-103(b)(2)(ii) (dealing with number of members that may authorize or ratify a specific act or transaction that otherwise would violate the duty of loyalty); (3) amendment to the articles of organization; (4) compromise of an obligation to make a contribution; (5) compromise of an obligation of a member to make a contribution or return money or other property paid/distributed; (6) making of interim distributions; (7) admission of new members; (8) use of company property to redeem an interest subject to a charging order; (9) consent to dissolve the company; (10) waiver of the right to have the company's business would up; (11) consent of members to merge with another entity; (12) sale, lease, exchange, or disposal of the company's property.

[2] Not only was Mr. Sinha designated as Vagish' corporate representative for purposes of the pre-suit Examination Under Oath, but it was Mr. Sinha who completed and signed the Sworn Statement in Proof of Loss on behalf of Vagish.  [*See* Doc. 101-6, p. 40-41].

**B. Criminal Acts of a Manager Can be Imputed to a Limited Liability Company**

While Seneca is unaware of any South Carolina case law imputing illegal acts of a member to a limited liability company, the case of <u>JMM Properties, LLC v. Erie Ins. Co.</u>**, No.** 5:08-CV-1382, 2013 2013 WK 149457, at * 6 (S.D.N.Y. Jan. 14, 2013) (copy attached as Ex. "3") is instructive.  In *JMN*, the plaintiff LLC's member was convicted of causing damage to the LLC's property through arson.  In their suit to recover insurance proceeds for the damaged property, the LLC argued that the arson could not be defined as the carrying on of the LLC's business and that the arsonist member did not have authority to cause the fire.  In examining the issue, the court noted that LLC's are hybrids of partnerships and corporations.  Further, the court noted that a characteristic of both corporations and partnerships is that the acts of the principals are imputed to the business entity. Given this, the court concluded that "the criminal acts of a managing member may be imputed to the LLC."  Id. at * 6.  Similarly, under South Carolina law, a limited liability company is a hybrid type of statutory legal entity, pursuant to the Uniform Limited Liability Company Act of 1996, which combines principles of the corporation (such as limited liability for all members) with principles of the partnership (such as simple partnership management structures and informal decision-making procedures).  Moreover, under South Carolina law, the acts of the principal are imputed to the business entity. *Crystal Ice Company of Columbia, Inc. v. First Colonial Corporation,* 273 S.C. 306, 257 S.E.2d 496 (1979); *Moore v. Pilot Life Insurance Company,* 205 S.C. 474, 32 S.E.2d 757 (1945); *Palmer v. Sovereign Camp, W.O.W.,* 197 S.C. 379, 15 S.E.2d 655 (1941).  Given the forgoing, arson and the filing of a fraudulent insurance claim by Kislaya Sinha is imputed to Vagish, LLC.

Respectfully submitted,

DREW ECKL & FARNHAM, LLP

*/s/Russell Thomson*
Russell Thomson
Fed Id No.  11870
Paul W. Burke
Admitted *Pro Hac Vice* (GA Bar No 095642)
Eric R. Mull
Admitted *Pro Hac Vice* (GA Bar No 556860)

880 W. Peachtree Street
Atlanta, GA  30357-0600
Telephone:     (404) 885-1400
rthomson@deflaw.com
pburke@deflaw.com
emull@deflaw.com

WALL TEMPLETON & HALDRUP, P.A.

*/s/Morgan S. Templeton*
Morgan S. Templeton
Federal Bar No. 7187

145 King Street, Suite 300
Charleston, South Carolina 29401
Telephone: (843) 329-9500
morgan.templeton@walltempleton.com

Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing **SENECA'S REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING REFERENCES TO AN INNOCENT CO-INSURED** all counsel by using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 23rd day of September, 2016.

<u>*/s/Russell Thomson*</u>
Russell Thomson
Fed Id No.  11870

P.O. Box 7600
Atlanta, Georgia  30357-0600
(404) 885-1400
(404) 876-0992 (fax)

6689868/1
05596-088833